UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN K. BOULB,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 14-cv-00737 - JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on Petitioner Brian K. Boulb's Motion (Doc. 1) to Vacate, Set Aside or Correct his sentence pursuant to 28 U.S.C. § 2255.  It is noted that on July 24, 2014, this Court construed Defendant's Affidavit and Motion for Review (Doc. 36, 12-cr-40097) as Brian K. Boulb's initial filing of his 28 U.S.C. § 2255 Motion.  However, the order was entered after Petitioner filed the current 28 U.S.C. § 2255 Motion (Doc. 1).  To ensure complete fairness and giving the Petitioner every opportunity and benefit, this Court will consider the Affidavit and Motion for Review (now Doc. 2) as part of this 28 U.S.C. § 2255 Motion (Doc. 1). For the following reasons, Boulb's motion survives this threshold review and the Court orders the government to file its response.

    On September 5, 2012, Brian K. Boulb was indicted on one count of conspiracy to manufacture methamphetamine of 50 grams or more; one count of possession of pseudoephedrine; and one count of possession of equipment, chemicals or material to manufacture methamphetamine.  The Petitioner plead guilty to each of the above counts pursuant to a plea agreement and was sentenced to imprisonment for 235 months, 4 years supervised release, a special assessment of $300 and a $300 fine. The Petitioner did not appeal.

    Petitioner is claiming ineffective assistance of counsel in violation of his Sixth Amendment

Right.    He states that his counsel should have been aware that a prior conviction should not have been used to classify the Petitioner as a career offender.   Petitioner is claiming his sentence was greater based on the career offender status and that "any reasonable attorney would have at least made an argument before this Honorable Court as to why the §4B1.1 enhancement should not have applied."

The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum.  They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding.  *Massaro*, 538 U.S. at 504-05;  *Fountain*, 211 F.3d 433-34.  In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from counsel's performance. *Massaro*,   538 U.S. at 504-05.

The Court **ORDERS** the Government to file a response to Krieger' petition (Docs. 1 & 2) by **December 31, 2014.** The Government shall, as part of its response, attach all relevant portions of the record. Petitioner may file a reply brief (no longer than 5 pages) by **January 12, 2015**. If review of the briefs indicates that an evidentiary hearing is warranted, the court will set the hearing by separate notice.

**IT IS SO ORDERED.**

**DATED:**   11/18/2014

                                                     s/J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**