UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN K. BOULB,

    Petitioner,

         v.                              Case No. 14-cv-00737 - JPG

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner Brian K. Boulb's Motion (Doc. 6) for Appointment of Counsel and Motion (Doc. 5) for Status.

Whether to appoint an attorney to represent an indigent § 2255 petitioner is within the sound discretion of the district court. *Winsett v. Washington,* 130 F.3d 269, 281 (7th Cir. 1997). There is absolutely no right to appointment of counsel in a § 2255 case unless the absence of counsel would result in fundamental unfairness impinging on due process rights, *id.* (citing *La Clair v. United States*, 374 F.2d 486, 489 (7th Cir. 1967)); *see* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section . . . 2255 of title 28."). Counsel is required to be appointed only "'if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side.'" *Winsett*, 130 F.3d at 281 (quoting *Forbes v. Edgar,* 112 F.3d 262, 264 (7th Cir. 1997)). The Court also has inherent authority to appoint counsel to ensure the orderly prosecution of litigation in the district. Members of the bar of this Court are obligated to accept appointments, provided an appointment is not made more than once during a 12-month period. Local Rule

83.1(i).

After reviewing Boulb's petition, the Court finds that Petitioner is well able to articulate the contours of his arguments and will be able to obtain justice without an attorney and that the absence of counsel at this stage in the case would not result in an unfair proceeding impinging on Petitioner's due process rights.

Petitioner has not demonstrated that he has made reasonable attempts to retain counsel and has not shown that he was effectively precluded from making a diligent effort in this regard. Furthermore, Petitioner has set forth his issues clearly and they do not appear to be complex.

For these reasons, the Court finds that the interests of justice to not require that Petitioner be represented by counsel and hereby **DENIES** Petitioner Brain Boulb's Motion for Appointment of Counsel (Doc. 6).

Petitioner's Motion for Status (Doc. 5) is **GRANTED** the following information is provided.  As indicated in the Court's Memorandum and Order (Doc. 4) of November 18, 2014, the Court has allowed the Government until December 31, 2104 to file a response to Boulb's § 2255 Petition.  Petitioner will then have 14 days in which to reply to the Government's response.

**IT IS SO ORDERED.**

**DATED:**  12/10/2014

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**