UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN K. BOULB,

    Petitioner,

        v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 14-cv-00737 - JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Government's Motion to Dismiss Defendant's Motion for Relief Pursuant to 28 U.S.C. § 2255 (Doc. 8). The Petitioner filed a timely Response (Doc. 11).

**1.**     **Background**.

Petitioner was convicted of various drug offenses and was sentenced as a career offender on February 14, 2013. Judgment was entered on February 20, 2013, and Petitioner did not appeal. (*United States v. Brian K. Boulb*, 12-cr-40097). Petitioner's career offender status was based on prior drug convictions in 1999 and 2008.

On March 25, 2013, the Petitioner commenced an action in the Circuit Court of Richland County seeking to vacate his 2008 state conviction on the ground that he did not have counsel and did not waive counsel. The Circuit Court denied his motion to vacate his state conviction and Petitioner appealed. The Appellate Court of Illinois, Fifth District, dismissed the appeal for lack of jurisdiction on September 19, 2014.[1] Petitioner filed his Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) on June 26, 2014.

---

[1] Petitioner's Response (Doc. 11) states the Appellate Court dismissed the appeal in February of 2014, however, the dismissal was decided on September 19, 2014. *State of Illinois v. Brian Boulb,* 2014 WL 4673130 (appeal from the Circuit Court of Richland County. No. 08-CF-149).

Respondent argues that Petitioner's 28 U.S.C. § 2255 (Doc. 1) was filed 16 months after final judgment – well beyond the one-year limitation period – and should be dismissed as untimely. Petitioner argues that the one-year statute of limitation was tolled and the one-year limitation period began when the Appellate Court rendered its decision.

2.     Analysis.

28 U.S.C. § 2255(f)(4) states that a one-year period of limitation shall apply to a motion under this section from the latest of: the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. It is noted that 28 U.S.C. § 2255(f)(1)–(3) time limitations have elapsed and petitioner is not claiming a timely filing under those provisions.

"In a case in which a prisoner collaterally attacks his federal sentence on the ground that a state conviction used to enhance that sentence has since been vacated, § 2255, ¶ 6(4)'s 1-year limitation period begins to run when the petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court after entry of judgment in the federal case in which the sentence was enhanced." *Johnson v. U.S.*, 544 U.S. 295, 296 (2005).

As such, the Petitioner would be correct on applicable period of limitation if his prior conviction had been vacated. However, Petitioner's prior conviction still stands. "…if the prior conviction was no longer open to direct or collateral attack in its own right, the federal prisoner could do nothing more about his sentence enhancement." *Id*, at 304.

Petitioner's one-year statute of limitations for filing his Motion to Vacate, Set Aside or Correct Sentence pursuant 28 U.S.C. § 2255 expired in March of 2014.

3.  **Certificate of Appealability**

Having dismissed Petitioner's motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Petitioner has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Petitioner may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

4.  **Conclusion.**

The Government's Motion to Dismiss Defendant's Motion for Relief Pursuant to 28 U.S.C. § 2255 (Doc. 8) is **GRANTED**. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly. Further, the Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

DATED:  2/6/2015

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**